UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANCIS DESTOUCHE,

|  |  |  |
|---|---|---|
| | Plaintiff, | COMPLAINT<br>12CIV0073-UA |
| vs. | | JURY TRIAL<br>DEMANDED |
| CITY OF NEW YORK, NYPD Patrol Officer<br>Pinales Tax Number 946121; NYPD Officer<br>JOHN DOE | | ECF CASE |
| | Defendants. | |

---------------------------------------------------------------X

Plaintiff Francis Destouche ("Plaintiff"), by his attorney, Paul L. Mills, Esq., for this Complaint, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. On information and belief, Plaintiff Francis Destouche ("Plaintiff") is the victim of a policy and practices on the part of the New York City Police Department ("NYPD") of maintaining arrest quotas (the "Quota Policy").

3. In October, 2011, Plaintiff was walking home after taking public transportation from his job as an auto mechanic. He had never in his life had any problems with the courts or with law enforcement. His mind was on the imminent birth of a grandchild, and his daughter who was in the hospital about to give birth.

4. On that date, two NYPD officers, on information and belief as a result of the Quota Policy, were looking for someone to arrest or issue a summons. They chose Plaintiff. A warrantless and unlawful "stop and frisk" search was conducted of the Plaintiff. No evidence of any criminal conduct was found. Police stated falsely a belief that they had seen him throw "something" away, which did not exist, and which, therefore, they failed to discover after a search of his person, and a sham search of the immediate area. Nevertheless, they arrested him. He was held for 20 hours and then, without appearing before a judge, he was released the following day. During the time he was in custody, his daughter gave birth.

## JURISDICTION AND VENUE

11. This action arises under the Fourth Amendment to the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

12. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 (federal question), 1343 (federal civil rights), and 1367 (supplemental). Further, principal identical issues of fact and law in this matter are disputed in a related proceeding currently pending in the Southern District of New York, Stinson et. al v. City of New York et. al, (RWS) 10 CV 4228.

13. The Southern District of New York is the proper venue for this lawsuit because the cause of action arose in Bronx County, New York. The acts complained of occurred in the Bronx and in the Southern District of New York. Venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

14. Plaintiff demands trial by jury in this action.

## PARTIES

15. Plaintiff Francis Destouche ("Plaintiff") is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, Bronx County.

16. Defendant City of New York ("City") is a municipal corporation which, through its New York Police Department ("Department") operates a number of subordinate law enforcement facilities.  The Department, through its senior officials, in each facility, and in its specialized units, promulgates and implements policies, including those with respect to the searches, arrests, and the reporting and investigation of lawful and unlawful arrests by uniformed officers including the individual NYPD officers who are defendants in this action.  In addition, senior officials in the Department are aware of and tolerate certain practices by subordinate officers, including these that are inconsistent with formal or stated policy.  These practices, because they are widespread, long-standing, and deeply embedded in the culture of the agency, constitute unwritten Department policies or customs. The Department is also responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the individual NYPD officer defendants referenced herein.

17. At all times relevant hereto, Defendant NYPD Patrol Officer Pinales Tax Number 946121, was a sworn and appointed patrol officer of the

Department, acting in the capacity of agent, servant, and employee of

defendant City, within the scope of their employment as such, and acting

under color of state law. Defendant Pinales is sued in their individual

capacity.

18. At all times relevant hereto, Defendant NYPD Officer John Doe

(an as yet unidentified NYPD Officer who was present during and assisted

in Plaintiff's arrest on October 6, 2010, at about 9 o'clock PM, at or near the

intersection of Morrison Avenue and 172nd Street, Bronx, New York) was a

sworn and appointed patrol officer of the Department, acting in the capacity

of agent, servant, and employee of defendant City, within the scope of their

employment as such, and acting under color of state law. Defendant John

Doe is sued in their individual capacity.

## STATEMENT OF FACTS

19. On October 6, 2010, at about 9 o'clock PM, at or near the

intersection of Morrison Avenue and 172nd Street, Bronx, New York, on

information and belief in order to comply with the Quota Policy, NYPD

officers defendant Pinales and defendant John Doe (collectively the

"Individual Defendants") initiated the false arrest of Plaintiff as he was

5

walking home from work. The Individual Defendants stopped their patrol car, walked up to Plaintiff, and pretended to believe that he had been smoking marijuana and had thrown the marijuana away at their approach. They then pretended to search for the nonexistent marijuana and questioned him about the nonexistent marijuana. Although they had, and obtained from their search, no statement or evidence of any kind supporting the arrest, on information and belief in order to meet their arrest quota, the Individual Defendants falsely arrested Plaintiff on a  felony charge of tampering with evidence.

20. The Individual Defendants handcuffed Plaintiff, placed him in their patrol car, and transported him to the 43rd Precinct. On information and belief the Individual Defendants filed one or more falsified report statements in support of their arrest of Plaintiff. Plaintiff was held in jail more than 20 hours from October 6, 2010 to October 7, 2010, causing him to miss being present at the birth of his granddaughter, and to be absent two days from work.

21. At all times pertinent to this Complaint, Plaintiff did not, and does not smoke marijuana, had committed no criminal act, had committed no act that might reasonably be construed as criminal conduct by any officer, has no prior criminal record, and was deliberately falsely arrested by the

Individual Defendants. The charges against Plaintiff were dropped without any court appearance.

22. Defendant City, through its preparation and issuance of both formal and informal orders and directives, and through its formal and informal monitoring of patrol officer activities, both mandated and was aware of the false arrests in compliance with the Quota Policy, and both caused, and failed to take sufficient steps to prevent, unlawful stops, searches, arrests, and imprisonments, including that of Plaintiff as set forth herein.

23. The City was also aware, or should have also been aware of the failure of the Department to bring disciplinary charges against those officers who sanction or ignore unlawful stops, searches, arrests, and imprisonments, punish officers that sanction and/or cover up such unlawful stops, searches, arrests, and imprisonments, and discourage others from doing so.

**FIRST CLAIM FOR RELIEF**

**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

**Against All Defendants**

24. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of City and the Department, all under the supervision of ranking officers of said Department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983/ Fourth Amendment

### (Against All Defendants)

30. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

31. By reason of the foregoing, and by conspiring together, unlawfully seizing, stopping, searching, arresting, imprisoning and failing to intervene to prevent such unlawful seizure, stop, search, arrest and imprisonment, and by directing, sanctioning, encouraging, and failing to prevent and failing to intervene to prevent such unlawful seizure, stop, search, arrest and imprisonment, the Individual Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution to be free from unreasonable search, seizure, arrest or imprisonment without warrant or probable cause.

32. The Individual Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of

their employments as Department officers and employees.  These defendants acted willfully, knowingly, and /or with deliberate indifference, and deprived Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution.

33. Defendant City, through the Department, and acting under the pretense and color of law, has permitted, tolerated and been deliberately indifferent to a pattern and practice of unlawful seizures, stops, searches, arrests and imprisonments by Department officers, including the Individual Defendants.  This widespread policy and tolerance of Department officers' unlawful seizures, stops, searches, arrests and imprisonments, constitutes a municipal policy, practice or custom and led to Plaintiff's unlawful seizure, stop, search, arrest and imprisonment.  At all times material to this complaint, defendant City, acting through the Department, and through the Individual Defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. By permitting, tolerating and sanctioning a persistent and

widespread policy, practice and custom pursuant to which Plaintiff was subjected to unlawful seizure, stop,  search, arrest and imprisonment beatings and wrongfully deprived of his liberty as set forth herein above, defendant City has deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including but not limited to, rights guaranteed by the Fourth Amendment to the United States Constitution to be free from search, arrest, or imprisonment without warrant or probable cause.

35. As a direct and proximate result of the above misconduct, abuse of authority, and conspiracy with regard to the same, and the policy, practice and custom detailed above, Plaintiff was deprived of his liberty, suffered pain and suffering, emotional injury, and was otherwise damaged and injured.

**THIRD CLAIM FOR RELIEF**

**FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983**

**(Against the Individual Defendants)**

36. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

37. The Individual Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in the Individual Defendants' presence as set forth herein above.

38. The Individual Defendants further violated Plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of Plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

39. The Individual Defendants had an affirmative duty to intercede when Plaintiff's constitutional rights were being violated in the Individual Defendants' presence by falsifying evidence of probable cause to arrest Plaintiff.

40. As a result of the Individual Defendants' failure to intercede when Plaintiff's constitutional rights were being violated in the Individual Defendants' presence, Plaintiff sustained, *inter alia*, emotional injuries.

**FOURTH CLAIM FOR RELIEF**

**CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS**

**UNDER**

**42 U.S.C. § 1983**

**(Against All Defendants)**

41. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

42. Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, imprisonment, and involuntary confinement of Plaintiff.

43. Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward Plaintiff, with utter and deliberate indifference to and disregard for Plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe Plaintiff committed any crime or any other lawful basis for doing so.

44. Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of Plaintiff: (a) made false statements to Plaintiff; (b) on information and belief made false statements in official reports; (c) on information and belief made false statements to other Department officers and employees.

45. The aforesaid conduct of Defendants operated to deprive Plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights: (a) not to be

deprived of liberty without due process of law; and (b) to be free from search or seizure not based upon probable cause.

46. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer emotional distress, and was involuntarily confined.

## FIFTH CLAIM FOR RELIEF

## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

### (Against Defendant City)

47. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of defendant City and the Department included, but were not limited to: (a) creating a quotas system for NYPD subordinate

officers requiring the officers to issue a certain number of summonses and carry out a certain number of arrests per month and year regardless of probable cause; and (b) displaying a deliberate indifference to disciplining supervisors, despite illegal and/or unconstitutional conduct.

50. The foregoing customs, policies, usages, practices, procedures and rules of defendant City and the Department were the moving force behind the constitutional violations suffered by Plaintiff as alleged herein.

51. Additionally, the Department's deliberate indifference to proper training, supervising and/or disciplining of policy-making officials constituted explicit and/or tacit approval of their illegal and unconstitutional conduct.

52. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

53. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

54. The acts complained were a direct and proximate result of the usages, practices, procedures and rules of defendant City and the

Department, which constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

55. The foregoing customs, policies, usages, practices, procedures and rules of defendant City and the Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

## PENDANT STATE CLAIMS

56. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

57. Within (90) days after the claim herein accrued, the Plaintiff duly served upon, presented to and filed with defendant City, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

58. Defendant City has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59. Defendant City has conducted a hearing pursuant to General Municipal Law § 50-h.

60. This action is commenced within one (1) year and ninety (90)

days after the cause of action herein accrued.

61. Plaintiff has complied with all conditions precedent to maintaining the instant action.

62. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW: FALSE ARREST

63. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

64. The Individual Defendants police officers arrested Plaintiff in the absence of probable cause and without a warrant.

65. As a result of the aforesaid conduct by defendants, Plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and by the defendants. The aforesaid actions by the defendants constituted a deprivation of the Plaintiff's rights.

66. As a result of the foregoing, Plaintiff was deprived of his liberty, was denied fundamental rights, was publicly embarrassed and humiliated,

and was caused to suffer emotional distress and loss of wages.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW:

## NEGLIGENT HIRING/ TRAINING/ SUPERVISION/

## RETENTION

### (Defendant City)

67. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth herein.

68. On information and belief, defendant City was on notice that the Individual Defendant were unfit for duty because they were willing to violate the law in the course of their duties and within the scope of their employment.

69. Notwithstanding its knowledge as set forth above, defendant City failed to take proper disciplinary action against the Individual Defendant, and failed to otherwise modify or limit the Individual Defendants' responsibilities or official authority.

70. Defendants' negligent retention and supervision of the Individual Defendants was the direct and proximate cause of the injuries sustained by Plaintiff as set forth herein above.

71. As a result of the foregoing negligent acts and omissions by

defendant City, Plaintiff has suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, loss of freedom and loss of wages.

72. Defendant City selected, hired, trained, retained, assigned and supervised all members of the Department, including the defendants individually named above.

73. Defendant City was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Department including the defendants individually named above.

74. Defendant City was negligent and careless when it repeatedly failed to act and/or discipline supervisory personnel in the face of obvious evidence of corruption and misconduct.


WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages (except for defendant City);

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate

and equitable.

Dated:  New York, New York
          January 4, 2012

_____
PAUL L. MILLS, Esq. (pm0653)
Park West Finance Branch
PO Box 20141
New York, New York 10025
(646) 637-3693
plm36@columbia.edu
Attorney for Plaintiff